# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    v.                                                          Criminal Action No. 2:12cr14

**ROBERT L. RECKART, JR.,**
    **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Robert L. Reckart, Jr., in person and by counsel, William D. Wilmoth, appeared before me on June 28, 2012. The Government appeared by William J. Ihlenfeld II, its United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count One of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant then advised that the agreement as summarized by the AUSA was correct. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate

Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Robert L. Reckart, Jr., only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count One of the Indictment, including the elements the United States would have to prove at trial, charging him with being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on June 19, 2012, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count One of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count One of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him. He also understood that the maximum penalty to which he would be exposed would be a term of imprisonment of not more than ten (10) years; a fine of not more than $250,000 dollars, or both fine and imprisonment; and a period of supervised release of three (3) years. Defendant also understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not be permitted to withdraw his guilty plea. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The undersigned also reviewed with Defendant his waiver of appellate rights as follows:

Ct: Did you and Mr. Wilmoth discuss, and did you understand from that discussion, that you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals within 14 days of Judge Bailey's oral pronouncement of that sentence against you?

Def: Yes, your Honor.

Ct: Did you and Mr. Wilmoth discuss, and did you understand from that discussion that you may collaterally attack or challenge the sentence and how that sentence is being imposed– administered– by the Bureau of Prisons by filing a motion under 28 USC section 2255, commonly called a habeas motion?

Def: No, we didn't discuss that. Maybe we did.

Ct: I'll give you a moment and you and Mr. Wilmoth talk about that.

[PAUSE]

ATTY: We discussed that again, your Honor, and I reminded him that we discussed the habeas corpus petition in addition to direct appeal.

Ct: Very good. And do you recall that now, Mr. Reckart?

Def: Yes, I understand.

Ct: I want you to turn to paragraph 13 of your written agreement. Do you have that there with you?

Def: Yes, sir.

Ct: Do you understand that under paragraph 13 of your written plea agreement, if Judge Bailey imposes a sentence which is within the statutory maximum that I reviewed and is contained in paragraph 2 of your written plea agreement, then you give up your right to directly appeal

to the Fourth Circuit and you give up your right to collaterally attack or challenge that sentence under 28 USC section 2255?

Def: Yes, I understand I waived it.

Ct: And did you do that voluntarily?

Def: Yes, sir.

Ct: And you understood that paragraph when you signed it on June 19th and it hasn't changed between then and today?

Def: Yes, your Honor.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the written plea bargain agreement.

The Court then inquired of the US Attorney whether the current written plea agreement was the sole offer made to Defendant. The US Attorney responded that the agreement was the sole offer made to Defendant and his counsel. Counsel for Defendant agreed that it was the sole offer received from the government.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count One of the Indictment and make a determination as to whether to accept or reject

any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with any of the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations and stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Thereupon, Defendant, Robert L. Reckart, Jr., with the consent of his counsel, William D. Wilmoth, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count One of the Indictment.

The Court then heard the testimony of Government witness West Virginia State Trooper Jacob Kopec, who testified that he was involved in the investigation of Defendant. On November 25, 2011, he was contacted by an area hospital, advising that a teenager had been admitted who had been shot in the leg. Two days later, Tpr. Kopec learned Defendant was suspected in the shooting. He made several phone calls, and talked to Defendant's mother, who advised that Defendant had accidentally shot the boy. He also learned that Defendant had a prior felony in 1986.

Tpr. Kopec testified he talked to Defendant, who advised that he had accidentally shot the boy while getting off an ATV. Tpr. Kopec contacted Defendant's counsel in a different, but related, matter, and counsel provided the weapon, a rifle, to him. The rifle was manufactured outside West Virginia. It had been purchased by Defendant's father. Tpr. Kopec interviewed Defendant with his lawyer present. Defendant gave a written statement and an oral, recorded statement. Defendant said

he was with a group of people, who had gone out to shoot deer at 9 or 10 at night. They then went out on 4-wheelers. The victim, ▉▉▉▉▉▉▉▉ a 15-year-old, and his father were at the top of a hill shooting at a deer. Defendant tripped and fell getting off the ATV, and the rifle accidentally went off, shooting the boy in the leg. The boy's leg had to be amputated below the knee as a result. The incident occurred in Tucker County, West Virginia, within the Northern District of West Virginia. Defendant admitted he had had possession of the gun, and admitted he knew he was not able to possess a firearm.

Tpr. Kopec testified that Defendant had a prior felony conviction which caused him to be prohibited from possessing a firearm. His rights had not been restored. Defendant did state that the gun was intended for his son's use, but he was carrying it because he was afraid his son would trip in the dark and the gun would go off.

Defendant testified that he heard, understood, and agreed with Trooper Kopec's testimony.

The undersigned United States Magistrate Judge concludes the offense charged in Count One of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the testimony of Trooper Kopec.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea. The Court further finds that Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count One of the Indictment; Defendant understands the consequences of his plea of guilty, including the maximum statutory penalty; Defendant made a

knowing and voluntary plea of guilty to Count One of the Indictment; and Defendant's plea is independently supported by the testimony of Trooper Kopec, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count One of the Indictment and recommends he be adjudged guilty on said charge as contained in Count One of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an order setting conditions of pretrial release previously entered in this matter.

The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED this 28th day of June, 2012.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE